UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| ROBERT JOSEPH ATKINS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.  3:21-CV-075-KAC-DCP |
| C/O HOCKER, C/O S. WILLIAMS, and C/O M. WILLIAMS, | ) | |
| Defendants. | ) | |

## ORDER

This is a prisoner's pro se complaint for violation of 42 U.S.C. § 1983 that is proceeding only as to Plaintiff's claim that Defendants used excessive force against him [Doc. 14, 7–9]. Now before the Court is Plaintiff's motion to appoint counsel, in which he requests appointment of counsel "to obtain legal advice and help during [his] wait for this matter to be resolved" [Doc. 9, 1].

Appointment of counsel in a civil proceeding is not a constitutional right, but a privilege justified only in exceptional circumstances. *Lavado v. Keohane*, 992 F. 2d 601, 605–6 (6th Cir. 1993). A district court has discretion to determine whether to appoint counsel for an indigent plaintiff, and a decision denying counsel will only be overturned when it results in "fundamental unfairness impinging on due process rights." *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992) (internal citations omitted). In exercising this discretion, a district court should consider the nature of the case, the complexity of the legal and factual issues, and the plaintiff's ability to present his claims. *Lavado*, 992 F.2d at 605–6.

As to the first two factors, neither the nature of the case nor the issues presented warrant the appointment of counsel. Plaintiff alleges that Defendants used excessive force against him in violation of Section 1983 [*See* Doc. 14]. Nothing renders this action factually or legally complex

[*See* Doc. 11]. As to the third factor, it is apparent from his filings that Plaintiff can adequately present his claims. Thus, Plaintiff has not established exceptional circumstances that justifying the appointment of counsel in this action, and his motion to appoint counsel [*Id.*] is **DENIED**.

Plaintiff is **ORDERED** to immediately inform the Court and the other parties to the proceedings of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address will result in the dismissal of this action.

**SO ORDERED**.

**ENTER**:

s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge
