UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| ROBERT JOSEPH ATKINS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.  3:21-CV-075-KAC-DCP |
| C/O HOCKER, C/O S. WILLIAMS, and C/O M. WILLIAMS, | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

Plaintiff's pro se complaint for alleged violation of 42 U.S.C. § 1983 is proceeding only as to Plaintiff's claim that Defendants S. Williams, M. Williams, and Hocker (the "Remaining Defendants") used excessive force against him [Doc. 14 p. 7–9]. Now before the Court are Plaintiff's motions to obtain body camera and other video/audio footage of the incident underlying his complaint [Docs. 31, 35], motion for "Civil Legal Representation of Indigents" [Doc. 36], motion to be transported back to the Knox County Jail from the Knox County Detention Facility [Doc. 37], motion for body camera footage of an October 29, 2021 incident [Doc. 38], motion for an order of protection [Doc. 39], and motion for a hearing on his claims for violation of the Fourth, Fifth, and Fourteenth Amendments [Doc. 45]. Also before the Court is the Remaining Defendants' motion to dismiss or for a stay [Doc. 34].

Remaining Defendants filed a response in opposition to Plaintiff's first motion for body camera and other video/audio footage of the incident at issue in his complaint [Doc. 32], a response in opposition to Plaintiff's motion to be transported to the Knox County Jail [Doc. 42], a response in opposition to Plaintiff's motion for body camera footage of the incident on October 29, 2021 [Doc. 43], a response in opposition to Plaintiff's motion for an order of protection [Doc. 44], and

a response in opposition to Plaintiff's motion for a hearing [Doc. 46]. Plaintiff has not filed a response in opposition to Remaining Defendants' motion to dismiss or for a stay, and the time to do so has passed. E.D. Tenn. L.R. 7.1(a). Thus, Plaintiff waived any opposition to Remaining Defendants' dispositive motion. *See* E.D. Tenn. LR 7.2.

The Court will address Plaintiff's motions in turn based on the substance of the motion, then address Remaining Defendants' motion.

### I. MOTIONS FOR DISCOVERY

Plaintiff has filed two motions to obtain body camera and other video/audio recordings of the incident underlying his complaint [Docs. 31, 35]. He has also filed a motion seeking body camera footage of an incident on October 28, 2021 [Doc. 38].

The Court is not the vehicle through which Plaintiff obtains discovery. Under Local Rule 5.3, parties are not permitted to file discovery requests with the Court except under the limited circumstances set forth in Federal Rule of Civil Procedure 5(d). E.D. Tenn. L.R. 5.3. Although Plaintiff is proceeding pro se, he must follow this Court's Rules and the Federal Rules of Civil Procedure in this action. Plaintiff's motions for discovery contain no indication that he properly sought the requested discovery from Remaining Defendants but was unable to obtain it, or that there is any other reason for the Court to intervene in the discovery process. Thus, the Court **DENIES** Plaintiff's motions for discovery [Docs. 31, 35, 38].

### II. MOTION FOR CIVIL LEGAL REPRESENTATION

Plaintiff also filed a motion for "Civil Legal Representation of Indigent Inmates" in which he states that he needs representation to assist him with discovery and ensure that his legal mail is not tampered with [Doc. 36]. However, the Court has already denied Plaintiff's previous two motions for appointment of counsel [Docs. 16, 21], and Plaintiff has set forth no basis for the Court

2

to reconsider those decisions. Further, Plaintiff's allegation of mail tampering does not appear to have any relation to the excessive force claim proceeding in this federal lawsuit, and Plaintiff may obtain discovery as a pro se party by properly seeking that discovery from Remaining Defendants in accordance with the applicable Rules. Accordingly, the Court **DENIES** this motion [Doc. 36].

### III. MOTION TO BE TRANSPORTED BACK TO KNOX COUNTY JAIL

Plaintiff has also filed a motion requesting a transfer back to Knox County Jail, stating that he has been denied law library time at the Knox County Detention Facility in violation of his rights [Doc. 37]. However, Plaintiff does not allege that any of the Remaining Defendants is denying him law library time, nor does he state how long this denial lasted, or any facts suggesting that this denial has prejudiced him in any way. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (holding that a plaintiff must plead and prove that his meritorious claims have been prejudiced by the alleged denial of access to the courts to state a claim for denial of access to courts). Moreover, it appears that Plaintiff had access to legal resources at the time he drafted his most recent motions, as he cites case law and the Constitution of the State of Tennessee in those motions [Docs. 45, 47].

Also, as Remaining Defendants point out in their response in opposition to this motion [Doc. 42], Plaintiff does not have a constitutional right to be housed in a particular chosen jail facility. *Beard v. Livesay*, 798 F.2d 874, 876 (6th Cir. 1986) (citing *Meachum v. Fano*, 427 U.S. 215, 224–25 (1976)); *LaFountain v. Harry*, 716 F.3d 944, 948 (6th Cir. 2013) (noting that, absent unusual circumstances, prison officials, rather than judges, should decide where a particular prisoner should be housed); *Glover v. Johnson*, 855 F.2d 277, 285–87 (6th Cir. 1988) (setting forth public policy concerns regarding court interference with jail administration and instructing that courts should not "attempt to administer any portion of a state correctional system program except in the most compelling situations").

3

Plaintiff has not established that this is a compelling situation that merits the Court's intervention in state prison housing assignments. As such, the Court **DENIES** Plaintiff's motion for a transfer [Doc. 37].

IV.     **MOTION FOR PROTECTIVE ORDER**

Plaintiff has also filed a motion requesting that the Court enter a protective order requiring that Remaining Defendants (1) not harm or intimidate him in any way and (2) stay one-thousand feet away from him during the pendency of this litigation [Doc. 39]. The Court liberally construes this motion to seek a preliminary injunction against Remaining Defendants.[1]

In determining whether to grant a request for preliminary injunctive relief, courts balance four factors: (1) whether plaintiff "has shown a strong likelihood of success on the merits;" (2) whether plaintiff will suffer irreparable injury in the absence of an injunction; (3) whether the injunction will cause substantial harm to others; and (4) whether the injunction would serve the public interest. *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citations omitted). Injunctive relief is "an extraordinary remedy never awarded as of right." *See Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Rather, it "should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet*, 305 F.3d at 573 (citations omitted).

First, Plaintiff has not shown a strong likelihood of success on the merits in this action. While Plaintiff's excessive force claim against Remaining Defendants survived the Court's initial

---

[1] Federal Rule of Civil Procedure 65 governs requests for a preliminary injunction and requests for a temporary restraining order ("TRO"). A preliminary injunction requires notice to the adverse party, but the purpose of a TRO is to preserve the status quo until an adversarial hearing may be held for a preliminary injunction. Fed. R. Civ. P. 65(b)(3); *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 438–39 (1974). The factors to be considered in determining whether a TRO or preliminary injunction should issue are the same. *See, e.g., Workman v. Bredesen*, 486 F.3d 896, 904-05 (6th Cir. 2007).

4

screening, that claim was allowed to proceed solely upon Plaintiff's allegations, which the Court was required to accept as true. Second, Plaintiff does not allege or set forth any facts suggesting that he will suffer any irreparable injury without the requested injunction. Finally, as to the last two factors, while nothing in the record suggests that providing Plaintiff injunctive relief from the challenged policy would cause substantial harm to others, as set forth above, court intervention in prison operations without a compelling reason is against public policy. *Glover v. Johnson*, 855 F.2d 277, 285–87 (6th Cir. 1988). After balancing the relevant factors, Plaintiff has not established that he is entitled to a preliminary injunction.

Therefore, the Court **DENIES** Plaintiff's motion for an order of protection [Doc. 39].

### V. MOTION FOR HEARING

In his next motion, Plaintiff requests a hearing on his claims for violation of his rights under the Fourth, Fifth, and Fourteenth Amendments and his excessive force claim [Doc. 45]. However, only Plaintiff's Fourteenth Amendment excessive force claim is proceeding in this action. And Plaintiff has set forth no basis for a hearing on that claim, nor can the Court see one. Thus, the Court **DENIES** this motion [Doc. 45] as well.

### IV. MOTION TO DISMISS AND/OR FOR A STAY

Finally, Remaining Defendants have filed a motion to dismiss and/or stay this action in which they assert, in part, that this action is subject to dismissal due to Plaintiff's failure to properly exhaust his administrative remedies [Doc. 34 p. 3–6]. In support of this motion, Remaining Defendants attached a sworn copy of Knox County's Inmate Grievance Procedures, [Doc. 34-1 p. 1–5], and a sworn copy of all of Plaintiff's Knox County grievances, [Doc. 34-3].

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."

5

Fed. R. Civ. P. 12(c). However, "[i]f, on a motion under Rule . . . 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," in which event "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). The Sixth Circuit has clarified that a district court's "failure to exclude presented outside evidence" automatically "trigger[s] the conversion of a Rule 12(c) motion to a motion for summary judgment." *Max Arnold & Sons, LLC v. W.L. Hailey & Co.*, 452 F.3d 494, 503 (6th Cir. 2006).

The attachments to Remaining Defendants' motion to dismiss present matters outside of the pleadings. *See Davis v. Davis*, No. 14-5247, 2015 WL 13187145, at *1–2 (6th Cir. Mar. 25, 2015) (finding that a district court's consideration of the plaintiff's grievance history, among other things, in ruling on a motion to dismiss under Rule 12(b)(6) was improper and that, if the district court treated the motion to dismiss as a motion for summary judgment, it was required to give the parties notice and an opportunity to present all pertinent evidence). The Court therefore **NOTIFIES** the parties that, under Rule 12(d), it is converting the Remaining Defendants' motion to one for summary judgment under Federal Rule of Civil Procedure 56. Accordingly**, the parties shall have up to and including March 1, 2022, to present all pertinent material supporting or opposing the motion**. *See* Fed. R. Civ. P. 12(d).

V.     CONCLUSION

For the reasons set forth above, Plaintiff's motions to obtain body camera and other video/audio footage of the incident underlying his complaint [Docs. 31, 35], motion for "Civil Legal Representation of Indigents" [Doc. 36], motion to be transported back to the Knox County Jail from the Knox County Detention Facility [Doc. 37], motion for body camera footage of an October 29, 2021 incident [Doc. 38], motion for an order of protection [Doc. 39], and motion for

a hearing on his claims for violation of the Fourth, Fifth, and Fourteenth Amendments [Doc. 45] are **DENIED**.

Also, the Court converts Remaining Defendants' motion to dismiss or for a stay [Doc. 34] to a motion for summary judgment under Rule 56, and **the parties shall have up to and including March 1, 2022, to present all pertinent material supporting or opposing the motion**. *See* Fed. R. Civ. P. 12(d).

Additionally, Plaintiff is **ORDERED** to immediately inform the Court and Remaining Defendants, or their counsel of record, of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address will result in the dismissal of this action.

**SO ORDERED**.

**ENTER**:

s/ Katherine A. Crytzer  
KATHERINE A. CRYTZER  
United States District Judge