# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

|                                              |   |                        |
|----------------------------------------------|---|------------------------|
| ROBERT JOSEPH ATKINS,                        | ) |                        |
|                                              | ) |                        |
|     Plaintiff,           | ) |                        |
|                                              | ) |                        |
| v.                                           | ) | No. 3:21-CV-075-KAC-DCP |
|                                              | ) |                        |
| C/O HOCKER, C/O S. WILLIAMS, and             | ) |                        |
| C/O M. WILLIAMS,                             | ) |                        |
|                                              | ) |                        |
|     Defendants.          | ) |                        |

## MEMORANDUM OPINION AND ORDER

Plaintiff Robert Joseph Atkins, a prisoner proceeding pro se, filed an Amended Complaint under 42 U.S.C. § 1983 [Doc. 11]. The only claim remaining from the Amended Complaint is Plaintiff's claim that on February 10, 2020,[1] while Plaintiff was in the custody of the Knox County Sheriff's Office ("KCSO"), Defendants Officer Shawn Hocker, Officer Storm Williams, and Officer Matthew Williams (the "Remaining Defendants") used excessive force against him [Doc. 14 at 7-9]. Before the Court is Remaining Defendants' "Joint Motion for Summary Judgment" [Doc. 52] and exhibits in support [Doc. 52-1]. It appears that Remaining Defendants intended this "Joint Motion for Summary Judgment" [Doc. 52] to replace their "Joint Motion to Dismiss or, in the Alternative, Motion to Stay" [Doc. 34] [*See* Doc. 52 at 1 n.1]. Therefore, the Court only addresses the merits of Remaining Defendants' "Joint Motion for Summary Judgment" [Doc. 52]. But the Court considers each of Plaintiff's filings that can be construed as addressing the merits of this motion [*See* Docs. 50, 51, 53]. As set forth below, the Court **GRANTS**

---

[1] Both Plaintiff's Amended Complaint [Doc. 11] and the Court's screening order [Doc. 14] refer to this event as occurring on February 10, 2021 [Doc. 11 at 1; Doc. 14 at 4, 7]. However, it has come to the Court's attention that this alleged event actually occurred on February 10, 2020, not February 10, 2021.

Remaining Defendants' "Joint Motion for Summary Judgment" [Doc. 52] and **DISMISSES** this action **without prejudice** because Plaintiff failed to exhaust his administrative remedies before filing this action.

I. STANDARD

Federal Rule of Civil Procedure 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must draw all reasonable inferences in favor of the non-moving party. *Nat'l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). And the moving parties have the burden of conclusively showing the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When the moving parties have met this burden, the opposing party cannot "rest upon its . . . pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial." *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); Fed. R. Civ. P. 56).

II. PROOF IN THE RECORD

In his sworn Amended Complaint,[2] Plaintiff indicates "yes" in response to a question asking whether "[he] present[ed] facts relating to [his] complaint in the prisoner grievance procedure" [Doc. 11 at 2]. Plaintiff then specifically states that he "wrote these grievances to a supervisor but [] didn't get a response" and "talk[ed] to a supervisor" [*Id*]. However, in support of their motion for summary judgment, Remaining Defendants filed a sworn declaration from Roger D. Wilson Detention Facility Assistant Facility Commander Debbie Cox, "a custodian of

---

[2] The Court treats Plaintiff's Amended Complaint as an affidavit for purposes of summary judgment. *See El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008) (holding that a sworn complaint carries the same weight as an affidavit for purposes of summary judgment).

2

records of the facility including inmate grievances," who testifies that Plaintiff did not file a grievance regarding "the incident which occurred on February 10, 2020" [Doc. 52-1 at 1].

Remaining Defendants also filed the KCSO Inmate Grievance Policy [*Id.* at 3-7] and the 2020 KCSO Inmate Handbook [*Id.* at 9-54] to support their assertion that Plaintiff failed to exhaust his available administrative remedies before filing this action. The KCSO Inmate Grievance Policy provides, in relevant part, that "a Grievance Form may be obtained from a corrections staff member, at any time, for any reason," and that, if an inmate is unable to informally resolve an issue by speaking to a staff member or supervisor, he may complete a formal grievance form and "place the document in the Grievance Box in his/her housing unit" [Doc. 52-1 at 3-4]. Additionally, the KCSO Inmate Handbook provides that "[a] Grievance Form may be obtained from a correctional staff member, at any time, for any reason," and that (1) "[e]ach pod will be equipped with a 'Grievance Box' in which completed grievance forms must be placed;" (2) inmates "are not to give grievances to any other corrections staff member, forward them through in-house mail[,] or send them through U.S. Mail;" and (3) "[t]he Grievance Committee will answer only grievances received from the grievance box" [*Id.* at 50].

Remaining Defendants also filed a computer record indicating that on February 8, 2020, Plaintiff acknowledged his receipt of the Knox County Sheriff's Office Handbook[3], [*id.* at 8], and

---

[3] Ms. Cox's declaration indicates that she attached a computer record showing "that [] Plaintiff received the Policy" [Doc. 52-1 at 1]. While it appears that Ms. Cox is referring to the KCSO Inmate Grievance Policy in this statement, the computer record to which she refers states only "Handbook Acknowledged" [*Id.* at 8]. Thus, it appears that this computer record likely indicates Plaintiff's acknowledgement of his receipt of the KCSO Inmate Handbook, rather than the KCSO Inmate Grievance Policy. Regardless, because the record establishes that Plaintiff did not comply with the KCSO grievance procedures set forth in the KCSO Inmate Handbook or the KCSO Inmate Grievance Policy, this discrepancy is not material and does not change the Court's analysis.

3

copies of the grievances Plaintiff filed during his 2020 incarceration, [*id.* at 1, 55–114]. Plaintiff's grievance records reflect that while he filed more than twenty (20) grievances, between May and December of 2020, he filed no grievance addressing his excessive force claim [*Id.*[4]].

## III. ANALYSIS

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requires "proper exhaustion" of prisoners' administrative remedies for all claims. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). A prisoner must complete "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id*. at 88.

To properly exhaust claims, an inmate must "tak[e] advantage of each step the prison holds out for resolving the claim internally" and "follow[] the critical procedural rules of the prison's grievance procedure" so that prison officials can "review and, if necessary, correct the grievance on the merits." *Troche v. Crabtree*, 814 F.3d 795, 798 (6th Cir. 2016) (internal quotations and citations omitted). "There is no uniform federal exhaustion standard." *Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017). Rather, "[a] prisoner exhausts his remedies when he complies with the grievance procedures put forward by his correctional institution." *Id.* (citing *Jones v. Bock*, 549 U.S. 199, 217-19 (2007)).

---

[4] In places, the Court is unable to discern Plaintiff's handwriting due to the lightness of the writing, but the responses to the illegible grievances indicate that the grievances do not relate to Plaintiff's excessive force claim [*See* Doc. 52-1 at 64–67, 74–75]. Moreover, as set forth above, Remaining Defendants filed Ms. Cox's sworn declaration, in which she states that Plaintiff did not file a grievance regarding his remaining claim in this action [*See id.* at 1].

4

Remaining Defendants have set forth proof that Plaintiff did not file any grievance regarding his excessive force claim prior to filing suit, even though the KCSO grievance policy gave him the opportunity to do so. Plaintiff indicated in his sworn Amended Complaint that he did present facts relating to his claim in the prisoner grievance procedure, but his only factual support is the assertion that he "wrote these grievances to a supervisor but [] didn't get a response" and "talk[ed] to a supervisor" [Doc. 11 at 2]. These statements are not sufficient to create a genuine issue of material fact as to whether he exhausted his available jail administrative remedies. Specifically, these facts, taken as true, do not show that Plaintiff utilized every step of the KCSO grievance policy or complied with the critical KCSO procedural rules. Crucially, the record shows that Plaintiff failed to place a formal grievance in the grievance box so that a KCSO official could address the merits of the grievance.

Moreover, Plaintiff's responsive filings [Docs. 50, 51, 53] do not present any other proof that could create a genuine issue of material fact regarding exhaustion. In two of these filings, Plaintiff does not address his failure to file a grievance [*See* Doc. 51, 53]. But in his "Response on Authoritive [sic] Remedies" [Doc. 50], Plaintiff appears to address this issue by generally stating that he "was denied authoritive [sic] remedies" and "there w[ere] no authoritive [sic] remedies so this is [his] remed[y]" [Doc. 50 at 1, 3]. The Court liberally construes these statements to allege that the grievance process was unavailable to Plaintiff, because the Supreme Court has held that where an administrative remedy is "on the books" but "not capable of use to obtain relief," that can excuse a prisoner's failure to exhaust. *See Ross v. Blake*, 578 U.S. 632, 643 (2016). However, Plaintiff's general assertions that no "authoritive [sic] remedies" were available to him are conclusory and therefore insufficient to create a genuine issue of material fact as to

whether the KCSO grievance procedure was available to him during his incarceration.[5] *See Jones v. City of Franklin*, 677 F. App'x 279, 282 (6th Cir. 2017) (providing that "conclusory allegations . . . and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment" (citing *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888 (1990)). Accordingly, Remaining Defendants are entitled to summary judgment because Plaintiff failed to exhaust his available administrative remedies prior to filing this action, as the PLRA requires.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Remaining Defendants' "Joint Motion for Summary Judgment" [Doc. 52] and **DISMISSES** this action **without prejudice**. Further, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24. Accordingly, should Plaintiff file a notice of appeal, he is **DENIED** leave to appeal *in forma pauperis*. See 28 U.S.C. §1915(a)(3).

**SO ORDERED. AN APPROPRIATE JUDGMENT WILL ENTER.**

**ENTER:**

s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge

---

[5] All of Plaintiff's filings that the Court construes as responses to Remaining Defendants' motion [Docs. 50, 51, 53] are unsworn; thus the statements therein do not create a genuine dispute of material fact. *See Dole v. Elliot Travel & Tours, Inc.*, 942 F.2d 962, 968–69 (6th Cir. 1991) ("the unsworn statements . . . must be disregarded because a court may not consider unsworn statements when ruling on a motion for summary judgment") (citations omitted).

6